**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


William J. Carey

         v.                                   Civil No. 09-cv-91-PB

Larry Blaisdell, Warden,
Northern NH Correctional Facility

**REPORT AND RECOMMENDATION**

Before the court is pro se petitioner William J. Carey's
petition for a writ of habeas corpus (document no. 1), filed
pursuant to 28 U.S.C. § 2254.  The matter is before me for
preliminary review to determine whether or not the claims raised
in the petition are facially valid and may proceed.  See Rule 4
of the Rules Governing Section 2254 cases in the United States
District Courts; D.N.H. Local Rule ("LR") 4.3(d) (authorizing
magistrate judge to conduct preliminary review of pro se
pleadings).

Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or
petitioner commences an action pro se and in forma pauperis, the
magistrate judge conducts a preliminary review.  In a preliminary
review, pro se pleadings are construed liberally, however
inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curium) (following <u>Estelle v. Gamble</u>, 429 U.S. 97,
106 (1976), to construe pro se pleadings liberally in favor of
pro se party).  "The policy behind affording pro se plaintiffs
liberal interpretation is that if they present sufficient facts,
the court may intuit the correct cause of action, even if it was
imperfectly pled." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st
Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381
(2003) (courts may construe pro se pleadings to avoid
inappropriately stringent rules and unnecessary dismissals).
The court must accept as true the plaintiff's factual assertions,
<u>Erickson</u>, 551 U.S. at 94, and any inferences reasonably drawn
from them.  <u>See</u> <u>Centro Medico del Turabo, Inc. v. Feliciano de
Melecio</u>, 406 F.3d 1, 5-6 (1st Cir. 2005).  This review ensures
that pro se pleadings are given fair and meaningful
consideration.

<u>Background</u>

In 2006, Carey was sentenced to 3½ - 7 years in prison on a
stalking conviction.  One year of the minimum sentence was
suspended.  The sentencing order and mittimus provides that the
suspension of Carey's sentence is conditioned upon, among other
things, cooperation with a psychological evaluation, <u>State v.</u>

2

Carey, Nos. 05-S-149 & 04-S-2562 (N.H. Super. Ct. Aug. 18, 2006).
The sentencing order and mittimus also directs Carey, as a
condition of his sentence, to complete counseling and treatment
"as directed by the correctional authority . . . ."  Id.  Carey
is currently serving this sentence at the Northern New Hampshire
Correctional Facility ("NCF").

On November 28, 2007, Carey filed his first petition for a
writ of habeas corpus under 28 U.S.C. § 2254, asserting a number
of claims relating to his trial and underlying conviction in
state court.  His first petition remains pending in this court.
See Carey v. Warden, Civ. No. 07-cv-380-SM.

In February 2008, Carey appeared before the Adult Parole
Board ("Board") for his first parole hearing.  The Board's
reasons for denying parole are not set forth in any document
included in the record before me, except as stated in the order
dismissing Carey's state habeas corpus petition, see Ord. on
Resp. Mot. for Partial Recon. & Final Ord. on Pet. for Writ of
Hab. Corpus, Carey v. Blaisdell, No. 08-E-045 (N.H. Super. Ct.
Oct. 23, 2008) (hereinafter "State Habeas Order").  The court
found that the Board decided to deny parole until Carey completes
a mental health evaluation.  Id. at 2.  It is unclear from the

record and Carey's allegations whether the Board sua sponte required Carey to complete the evaluation, or whether the Corrections Department imposed this requirement first.

In response to the parole denial, Carey filed a petition for a writ of habeas corpus in Coos County Superior Court, in which he claimed, among other things, that the Board exceeded its authority, denied him equal protection and due process, and impermissibly withheld evidence from him.  In an order issued on August 20, 2008 dismissing almost all of the claims asserted in the state habeas petition, the Superior Court directed NCF to produce evidence to Carey.  NCF filed a motion for partial reconsideration on the evidence issue.  Following a hearing on offers of proof, on October 23, 2008, the Superior Court granted NCF's motion and dismissed Carey's petition in its entirety. Carey filed a notice of discretionary appeal to the New Hampshire Supreme Court ("NHSC"), and the NHSC declined the appeal.

Carey thereafter filed this petition under 28 U.S.C. § 2254, alleging claims arising out of the parole denial and the state habeas proceeding.  Construed liberally, the petition includes the following federal claims:

   (1) The Board violated Carey's right to due process by
   arbitrarily denying him parole.

4

(2) The Board violated Carey's right to equal protection by paroling other prisoners without releasing him.

(3) The Superior Court violated Carey's right to due process by dismissing his state habeas petition without an evidentiary hearing, due to a bias against Carey.

Discussion

I.   Second or Successive Petition

The first issue I must address is whether Carey's petition is a "second or successive" section 2254 petition that must be dismissed under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2244 requires the district court to dismiss claims presented in a "second or successive" section 2254 petition if they were presented in a prior petition, 28 U.S.C. § 2244(b)(1), and to dismiss new habeas claims asserted in second or successive petitions unless, among other things, the petitioner has moved for and obtained an order from a three-judge panel of the court of appeals authorizing the district court to consider the new petition, 28 U.S.C. § 2244(b)(3).

Courts have "uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." Vasquez v. Parrott, 318 F.3d 387, 389 (2d Cir. 2003)

(quotation omitted); see also United States v. Barrett, 178 F.3d
34, 44 (1st Cir. 1999).  In the analogous case of petitions
challenging federal custody under 28 U.S.C. § 2255, the First
Circuit has noted that the "core of the AEDPA restrictions on
second or successive ... petitions is related to the longstanding
judicial and statutory restrictions embodied in the form of res
judicata known as the 'abuse of the writ' doctrine."  Barrett,
178 F.3d at 44.  This doctrine bars a successive petition that
raises claims that could have been raised in an earlier petition,
unless there was a legitimate excuse for the omission.  See
McCleskey v. Zant, 499 U.S. 467, 490, 494-95 (1991) (requiring
showing of cause and prejudice).

     The Second and Ninth Circuits have directed district courts
to treat a later habeas petition filed pro se as a motion to
amend an earlier pro se petition, see Fed. R. Civ. P. 15, not as
a separate, second habeas petition, if, as in this case, the
later petition was filed before final judgment on the first
petition.  See Woods v. Carey, 525 F.3d 886, 890 & n.3 (9th Cir.
2008) (following Grullon v. Ashcroft, 374 F.3d 137, 140 (2d Cir.
2004).  I need not take that step here, which would risk infusing
entirely new claims into a case where a summary judgment motion

is pending, see Carey v. Warden, No. 07-cv-380-SM (document no. 23), as there is a separate ground for finding that Carey's new petition is not second or successive.  Carey's earlier petition challenges his trial and conviction on the stalking charge, while the claims before me arise out of the parole denial and the state habeas petition challenging the parole denial.  Carey did not abuse the writ by failing to raise these claims in his first petition, as they had not yet arisen.  See Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001) (habeas petition challenging parole decision was not "second or successive" under § 2244 because parole claim could not have been raised in first petition).  Accordingly, Carey's petition before me is not a "second or successive" petition subject to dismissal under 28 U.S.C. § 2244.[1]

_____

[1]Carey's new petition arguably includes one claim not directly related to parole or state habeas proceedings:  namely, NCF violated his "liberty interest" by housing him in medium security housing since November 14, 2007, despite his minimum security ("C2") classification.  But see Sandin v. Connor, 515 U.S. 472, 484 (prison conditions do not give rise to due process violation unless they constitute "atypical and significant hardships" in relation to "the ordinary incidents of prison life").  Carey's claim regarding his housing challenges the conditions of his confinement, not the fact or length of his confinement.  To the extent that this claim is raised in this petition, I recommend its dismissal as it is not generally cognizable in a habeas petition.  Cf. Preiser v. Rodriguez, 411 U.S. 475, 494 (traditional purpose of habeas corpus is to

II.  <u>Custody & Exhaustion</u>

     To be eligible for habeas relief, Carey must show: (1) that
he is in custody; and (2) that he has either exhausted all of his
state court remedies or is excused from exhausting those remedies
because of an absence of available or effective state corrective
processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v.
DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion
principle).  Carey's imprisonment satisfies the custody
requirement.

     A petitioner's remedies in New Hampshire are exhausted when
the NHSC has had an opportunity to rule on the claims.  <u>See</u>
<u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988).  "In order
to exhaust a claim, the petitioner must 'present the federal
claim fairly and recognizably' to the state courts, meaning that
he 'must show that he tendered his federal claim in such a way as
to make it probable that a reasonable jurist would have been
alerted to the existence of the federal question.'"  <u>Clements v.
Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations

---

challenge fact or length of confinement and to request speedier
release from confinement); <u>Glaus v. Anderson</u>, 408 F.3d 382, 387
(7th Cir. 2005) ("While the Supreme Court has left the door open
a crack for habeas corpus claims challenging prison conditions,
it has never found anything that qualified.").

and citation omitted).  A habeas petitioner may fairly present a
claim by, among other things: "(1) citing a provision of the
federal constitution; (2) presenting a federal constitutional
claim in a manner that fairly alerts the state court to the
federal nature of the claim; (3) citing federal constitutional
precedents; . . . [or] (4) claiming violation of a right
specifically protected in the federal constitution."  Id.; cf.
Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (simply
reciting facts underlying state claim, which might support either
state or federal claim, is inadequate to constitute fair
presentation of federal claim to state court).

     Carey has filed a number of documents with his petition that
are considered to be part of the petition "for all purposes."
Fed. R. Civ. P. 10(c).  The documents shedding light on
exhaustion include Carey's Notice of Discretionary Appeal to the
NHSC ("Notice") and certain attachments filed with the Notice,
consisting of Carey's filings in the Superior Court habeas
proceeding.  Reviewing these filings and applying the appropriate
standard, I conclude that Carey has demonstrated exhaustion of
his equal protection and due process claims relating to the
parole denial and the state habeas proceeding.  See Notice, sect.

14, at 1, 3 (alleging Board's due process and equal protection violations); Att. R to Notice, "(3rd) Petitioner's Proposed Exhibits," at 1–2 (citing federal case in alleging Board's equal protection violation); Notice, sect. 14, at 1–3; Att. S to Notice, "Petitioner's Motion for Evidentiary Hearing," at 1 (alleging Superior Court's bias and violation of due process right to evidentiary hearing).

III. <u>Due Process Challenge to Parole Denial (Claim I)</u>

In his first claim challenging the parole denial, Carey alleges that he suffered a violation of his right to due process under the Fourteenth Amendment when the Board denied him parole. Carey's claim has both substantive and procedural due process aspects.  The allegedly unfair aspects of the process include the Board's institutional bias (Board and N.H. Department of Corrections are a "single entity," as "parole board staff are NHDOC employees"), Notice sect. 14 at 2, and the Board's failure to provide him with all documents that it considered when it made its decision.  His additional assertions regarding the arbitrariness of the decision, the Board's improper motives, and its failure to consider relevant factors may be liberally construed as substantive due process allegations.

The Due Process Clause prohibits deprivations of life, liberty, or property without due process of law.  See U.S. Const. amend. XIV, § 1.  Carey cannot prevail on a habeas corpus claim challenging the parole denial based on allegations that he was denied procedural due process.  To prevail on a due process claim regarding the adequacy of the Board's procedures, Carey must show that he suffered a deprivation of a liberty interest arising directly from the U.S. Constitution or from an expectation or interest created by state law or policy.  See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  It is well-settled that there is no state-created liberty interest in parole in New Hampshire, and no freestanding right to parole for incarcerated prisoners. See Ainsworth v. Risley, 244 F.3d 209, 216-17 (1st Cir. 2001), vacated and remanded on other grounds sub nom. Ainsworth v. Stanley, 536 U.S. 953 (2002); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (convicted person has no right to be conditionally released, on parole or otherwise, before expiration of valid sentence).

Carey's substantive due process claim regarding the unfairness of the parole denial must similarly be dismissed. "The substantive due process guarantee functions to protect

individuals from particularly offensive actions on the part of government officials, even when the government employs facially neutral procedures in carrying out those actions." Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006).  The substantive due process doctrine also requires a plaintiff to prove that a protected liberty interest was at issue.  See id. at 29 (plaintiff must show that defendants' acts shocked conscience and deprived plaintiff of life, liberty, or property).

     At the root of Carey's due process claims against the Board is his assertion that the Board acted in bad faith, in excess of its authority under state law, and without weighing all relevant factors under state law.  Carey cites to New York state court decisions interpreting New York law to support his request for relief.  A writ of habeas corpus under federal law, 28 U.S.C. § 2254, however, may be granted "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal habeas relief "does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); cf. Pagan, 448 F.3d at 32 (bad faith violations of state law do not invariably amount to conscience-shocking behavior for purposes of substantive due process).

Here, the Superior Court properly interpreted state law in observing that the Board has broad latitude in denying parole, see State Habeas Order at 2, unrestricted by the criteria set forth in the parole statute and regulations.  See Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972, 974-75 (1995).  The pertinent regulations authorize the Board to consider, among other things, the inmate's personality and evaluations from mental health agencies and the department of corrections in making parole decisions, see, e.g., N.H. Code Admin. R. Par 301.02(a) & (I), and to deny parole for such "reasons as the Board deems pertinent to the case."  Id. at Par 302.01(e).  These factors, in light of Carey's sentence, demonstrate that the Board did not exceed its authority in denying parole until Carey completes a psychological evaluation.[2]  Furthermore, while an allegation of a board member's bias may raise a claim under state

_____

[2]In connection with his due process claim, Carey asserts that the Board altered his sentence to make completion of a psychological evaluation mandatory during his incarceration. Nothing in the record, however, suggests that the Board's decision to deny parole pending Carey's completion of a psychological evaluation had any legally binding effect on the conditions of Carey's sentence. Cf. Baker v. Cunningham, 128 N.H. 374, 381, 513 A.2d 956, 961 (1986) (habeas petitioner's claim that Board's decision to defer parole consideration for one year effectively lengthened his sentence was patently wrong and properly dismissed).

law, see Winslow v. Holderness Planning Bd., 125 N.H. 262, 267,
480 A.2d 114, 116 (1984) (applying state constitutional
requirement of judicial impartiality to evaluate bias claim for
board acting in quasi-judicial capacity), an allegation regarding
the Board's staff is a separate issue.  No state law or rule
requires the staff to be unaffiliated with the Department of
Corrections.  Similarly, as the Superior Court noted in the State
Habeas Order at 2, no state law or rule requires the Board to
tender all documents that it considered, particularly where the
decision was based on an undisputed fact (the failure to complete
a psychological evaluation).

     Therefore, I recommend dismissal of Carey's first claim,
alleging a due process violation resulting from an arbitrary
parole denial.  The claim, resting on a nonexistent liberty
interest and an inaccurate view of the Board's authority under
state law, is not cognizable under 28 U.S.C. § 2254.

IV.  Equal Protection (Claim II)

     Carey has also alleged that he suffered a Fourteenth
Amendment equal protection violation relating to the denial of
parole.  Carey's equal protection claim, liberally construed, is
that the Board has treated him differently than other prisoners

14

by paroling them, while withholding parole from him until he completes a psychological evaluation, without any reason for the differential treatment.

A preliminary question is whether this claim falls within the court's habeas corpus jurisdiction.  This court has recently recommended dismissal of a claim challenging parole procedures on the ground that the claim could be filed under 42 U.S.C. § 1983. See Cossette v. State, No. 08-cv-21-JL, 2009 WL 702778, at *5 (D.N.H. March 13, 2009) (citing Wilkinson v. Dotson, 544 U.S. 74 (2005)).  In Dotson, the Supreme Court considered whether prisoners requesting new parole hearings could file claims challenging the constitutionality of parole procedures under 28 U.S.C. § 1983, or whether their claims fell within the exclusive province of habeas corpus.  The Court determined that the claims for relief were "distant from [the] core" of habeas jurisdiction as they would not necessarily result in speedier release if successful, or imply the invalidity of continued confinement. 544 U.S. at 82.  Dotson, therefore, indicates that section 1983 and habeas jurisdiction may be concurrent for certain claims that lie at the margins of habeas jurisdiction.  Id.

In Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984),

15

the First Circuit determined that a claim challenging the
constitutionality of procedures governing state appellate review
of state habeas petitions could proceed as a federal habeas
corpus claim, even though release would not necessarily be the
remedy for a prevailing claim.  Because release was the "ultimate
relief sought," and in the interest of comity with the state
courts –– served by the habeas requirement that claims be
exhausted –– the First Circuit concluded that the claim was
cognizable in a federal habeas petition.  See id. at 154; see
also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004)
(prisoner challenging parole review procedures and seeking only
equitable relief could file claim for habeas relief, as equitable
relief "could" potentially affect duration of confinement).

     In this case, as in Dickerson and Docken, a remedy for the
equal protection claim relating to the Board's hearing could
affect the duration of Carey's confinement.  Accordingly, Carey's
equal protection challenge to the Board's decision is cognizable
in habeas corpus.  Carey's allegations on his equal protection
claim regarding whether any other paroled prisoner was similarly
situated to him in any pertinent respect may be described as
sketchy at best, but construing them liberally, I am willing to

16

allow Carey's equal protection claim to survive my preliminary
review.  As Carey is in custody and has exhausted this claim, the
respondent should be given the opportunity to respond to it.  I
will, therefore, direct that this claim be answered in an order
issued simultaneously with this Report and Recommendation
(hereinafter "Simultaneous Order").

V.   <u>Due Process Challenge to Superior Court's Bias (Claim III)</u>

Carey's final claim is that he was denied due process in
Superior Court on his state habeas petition, specifically, that
the trial judge denied his motion for an evidentiary hearing and
dismissed his petition "in line with the unofficial policy of
Coos County Superior Court."  Notice, Sect. 14 at 2.  I construe
this claim to be that the Superior Court was unconstitutionally
biased against him.

With the exception of the First Circuit in <u>Dickerson</u>, 750
F.2d at 153, every federal circuit that has addressed the issue
has concluded that claims challenging deficiencies in state court
collateral proceedings are not cognizable in habeas corpus.  <u>See</u>
<u>Mathison v. Cunningham</u>, Civ. No. 98-457-M, 2000 U.S. Dist. LEXIS
16448, at *8 (D.N.H. Oct. 19, 2000) (citing cases).  Following
<u>Dickerson</u>, I conclude that Carey's claim of Superior Court bias

17

is cognizable in habeas corpus, even though its successful litigation would not necessarily lead to Carey's release from confinement.  As in <u>Dickerson</u>, Carey's ultimate goal is release, and, as in <u>Docken</u>, 393 F.3d at 1031, equitable relief could potentially result in speedier release if Carey prevails.

To the extent that Carey is asserting a separate due process claim of an entitlement to an evidentiary hearing in a state court habeas proceeding, I recommend dismissal of this aspect of the due process challenge to the Superior Court proceeding.  <u>See</u> <u>McGuire</u>, 502 U.S. at 67–68 (state law errors are not grounds for habeas relief under 28 U.S.C. § 2254).  The trial court in New Hampshire has discretion to determine whether or not to grant an evidentiary hearing on a habeas petition under New Hampshire law. <u>See</u> <u>Thomas v. Finger</u>, 141 N.H. 134, 137, 679 A.2d 567, 569 (1996).  The Superior Court denied Carey's motion for an evidentiary hearing, opting instead to permit Carey to present his case via videoconferenced participation in an offers of proof hearing.  Whether the Superior Court abused its discretion, apart from any question of unconstitutional bias, is not properly before this court under its habeas corpus jurisdiction.

I have found that Carey has exhausted his due process claim

18

alleging that the Superior Court was unconstitutionally biased
against him.  Therefore, as I have also concluded that the claim
is cognizable under 28 U.S.C. § 2254, I conclude that it may be
served on the respondent, and I will so direct in my Simultaneous
Order.

### Conclusion

Section 2254 confers jurisdiction on this Court to issue
"writs of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court . . . on the ground that he is
in custody in violation of the Constitution or laws or treaties
of the United States."  28 U.S.C. § 2254(a).  Carey's first claim
that the Board violated his right to due process should be
dismissed for the reasons stated above.  Carey's second claim
that the Board violated his right to equal protection, and his
third claim that the Superior Court was biased against him, may
be served upon the respondent.  I will direct, in my Simultaneous
Order, that those claims be served on the respondent.

If this Report and Recommendation is approved, the claims as
identified herein will be considered for all purposes to be the
claims raised in the petition.  If Carey disagrees with the
identification of the claims herein, he must do so by filing an

objection within ten (10) days of receipt of this Report and Recommendation, or by properly moving to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13–14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:      June 4, 2009

cc:        William J. Carey, *pro se*

20